

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00153-CV

_____

**IN RE JUAN SERVANTEZ AND HAPPY TRASH, LLC, RELATORS**

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2019-534,220, Honorable Ann-Marie Carruth, Presiding

January 12, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In this original proceeding, relators Juan Servantez and Happy Trash, LLC, seek mandamus relief from the trial court's order denying their motion for an independent medical examination of real party in interest Reagan Olivo.  We deny relators' petition for writ of mandamus as moot.

Olivo brought a personal injury lawsuit against Servantez and his employer, Happy Trash, LLC, following a motor vehicle accident in Lubbock.  Olivo alleges that Servantez, while in the course and scope of his employment, collided with her on University Avenue

in Lubbock, causing her multiple severe injuries. She seeks damages for past and future medical expenses, physical pain, physical impairment, and more.

Olivo designated her treating physician, anesthesiologist Dr. C. Michel Oliva, as an expert witness. Following Dr. Oliva's deposition, relators filed a motion for an independent medical examination of Olivo. *See* TEX. R. CIV. P. 204.1. By their motion, relators sought to have Olivo submit to a physical examination by Dr. Warren Neely, a neurosurgeon practicing in San Antonio. Relators offered to pay the necessary expenses for Olivo to travel to San Antonio for the examination.

Olivo filed a response in which she objected to the use of Dr. Neely and to the proposed location and scope of the exam, and further asserted that relators had not met their burden to obtain an independent medical examination. The trial court held a hearing on relators' motion on February 26, 2021, and entered an order denying the motion on March 4. Relators moved for reconsideration; that motion was heard on April 19.

On July 6, relators filed a writ of mandamus praying that this Court order the trial court "to vacate the Order, and order Reagan Olivo to submit to the requested physical examination by Relators' expert." We requested a response from Olivo.

While the mandamus proceeding was pending, the trial court issued an order on September 8, 2021, granting relators' motion for reconsideration. The trial court's order permitted the independent medical examination to proceed, with the proviso that any examination of Olivo be conducted in Lubbock.

The trial court's September 8 order supersedes its March 4 order. However, the petition for writ of mandamus complains only of the March 4 order. Therefore, we have

no discretion but to deny mandamus. *See In re Garcia*, 09-08-00461-CV, 2009 Tex. App. LEXIS 1560, at *1 (Tex. App.—Beaumont Mar. 5, 2009, orig. proceeding) (mem. op.) (per curiam) ("This original proceeding is moot because the order relator attacks has been replaced."); *Jim Walter Homes, Inc. v. McGee*, 05-00-00851-CV, 2000 Tex. App. LEXIS 8403, at *1-2 (Tex. App.—Dallas Dec. 19, 2000, no pet.) (mem. op.) (dismissing appeal as moot because it concerned an order that had been superseded).

Accordingly, relators' petition for writ of mandamus is denied as moot. *See* Tex. R. App. P. 52.8(a).

Judy C. Parker
Justice

3